```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

DAVID WILSON BECERRIL,              §
TDCJ-CID NO. 1264170,               §
                                    §
              Petitioner,           §
                                    §
v.                                  §     CIVIL ACTION NO. H-06-2552
                                    §
NATHANIEL QUARTERMAN, Director,     §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
                                    §
              Respondent.           §

**MEMORANDUM OPINION AND ORDER**

Petitioner, David Wilson Becerril,[1] filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging his state court kidnapping conviction (Docket Entry No. 1). Pending before the court is Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 10). For the reasons stated below, Respondent's Motion for Summary Judgment will be granted, and Becerril's Petition for a Writ of Habeas Corpus by a Person in State Custody will be dismissed.

**I. Procedural History**

Becerril is an inmate confined by the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), pursuant to his

---

[1]Petitioner was formerly known as "Rudy Becerril." Ex parte Becerril, Appl. WR-64,037-03, Docket Entry No. 8, p. 75.

conviction and sentencing for the felony offense of kidnapping under cause number 1001688 in the 228th District Court of Harris County, Texas.

The trial court accepted Becerril's guilty plea to kidnapping in cause number 1001688 on October 7, 2004, and sentenced him to ten years' imprisonment in accordance with his plea agreement.[2] On the same day Becerril also entered a plea of true to the state's Motion to Adjudicate Guilt in cause number 759952.[3] Becerril had previously pleaded guilty to the offense of aggravated robbery on June 26, 2002, and the court had deferred adjudication of guilt.[4] On October 7, 2004, the trial court rejected the plea agreement and sentenced Becerril to eighteen years in prison.[5] Becerril did not directly appeal either conviction.

Becerril filed a separate application for a writ of habeas corpus with the state court for each conviction.[6] The application for the aggravated robbery conviction, cause number 759952, was filed on June 20, 2005.[7] Becerril filed his application for the

---

[2] Id. at 75-76.

[3] Ex parte Becerril, Appl. No. WR-64,037-04, Docket Entry No. 8, pp. 110, 123-25.

[4] Id. at pp. 88-98, 123-25.

[5] Id. at pp. 121-22.

[6] Id. at pp. 2-29; Ex parte Becerril, Appl. No. WR-64,037-03, Docket Entry No. 8, pp. 1-24.

[7] Ex parte Becerril, Appl. No. WR-64,037-04, Docket Entry No. 8, p. 30.

kidnapping conviction, cause number 1001688, on July 19, 2005.[8] The state court denied relief in both applications without written order on the findings of the trial court on June 7, 2006.[9]

On August 2, 2006, Becerril filed the pending federal habeas corpus petition pertaining to his kidnapping conviction, claiming that

(1) he was denied effective assistance of trial counsel when his trial counsel, James M. Brooks, (a) failed to investigate or file any pretrial motions, (b) urged Becerril to sign a jury waiver without ensuring that he understood his waived rights or the consequences of his waiver, (c) deprived Becerril of a meaningful opportunity to withdraw his involuntary waiver, (d) deprived Becerril of the opportunity to withdraw his involuntary plea after the trial judge rejected the plea agreement, and (e) never objected to the trial court accepting Becerril's guilty plea in part; and

(2) his guilty plea was neither voluntary nor knowing due to trial counsel's ineffectiveness.[10]

Respondent moves for summary judgment asserting that petitioner failed to meet his burden of proof, petitioner's guilty plea was both knowing and voluntary, and that petitioner's ineffective assistance of counsel claims are either waived by his guilty plea or refuted by trial counsel and lack merit.[11]

---

[8] Ex parte Becerril, Appl. No. WR-64,037-03, Docket Entry No. 8, p. 1; p. 25.

[9] Id. at cover; Ex parte Becerril, Appl. No. WR-64,037-04, Docket Entry No. 8, at cover.

[10] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, unnumbered pp. 1-27.

[11] Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 10, pp. 7-15.

## II. **Standard of Review**

**A.    AEDPA**

Becerril's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997) (holding that AEDPA applies to noncapital cases filed after its effective date, April 24, 1996). The intent of the AEDPA is to avoid federal habeas "retrials" and "ensure that state-court convictions are given effect to the extent possible under [the] law." Bell v. Cone, 122 S. Ct. 1843, 1849 (2002).

The provisions of Section 2254(d) create a highly deferential standard, thereby demanding that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 123 S. Ct. 357, 360 (2002). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court's decision

>    (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "'Pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2).'" Martin v. Cain, 246 F.3d

471, 475-76 (5th Cir. 2001) (quoting <u>Corwin v. Johnson</u>, 150 F.3d 467, 471 (5th Cir. 1998)).

A state court decision is contrary to clearly established law if the decision contradicts the governing law set forth by the Court or if the state court decides a case differently than the Court's precedent when the facts are materially indistinguishable. <u>Early v. Packard</u>, 123 S. Ct. 362, 365 (2002) (quoting <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1519 (2000)).  A state court unreasonably applies federal law if the court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 120 S. Ct. at 1523.  To be an unreasonable application of federal law the state decision must be objectively unreasonable and more than simply incorrect or erroneous.  <u>Lockyer v. Andrade</u>, 123 S. Ct. 1166, 1174 (2003) (citing <u>Williams</u>, 120 S. Ct. at 1521-23).

Because the AEDPA grants great deference to state determinations of factual issues, a claim adjudicated on its merits in state court and based on factual decisions will not be overturned on factual grounds unless the court determines that the decision was both incorrect and objectively unreasonable. <u>Williams</u>, 120 S. Ct. at 1522. In reviewing a federal habeas petition, the court must presume that a factual determination made by the state court is correct unless the petitioner rebuts this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

**B.     Summary Judgment**

A court may grant summary judgment when the evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celetox Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  The moving party has the responsibility of informing the court of the basis for its summary judgment motion and "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . .'" that demonstrate no genuine issue of material fact.  Id. at 2553.  In response, the non-movant must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, or admissions on file show that there is a genuine issue of material fact requiring resolution through a trial.  Id.  If the nonmoving party is unable to meet this burden, the motion for summary judgment will be granted.  Fed R. Civ. P. 56(c).

Rule 56 of the Federal Rules of Civil Procedure "applies with equal force in the context of habeas corpus cases."  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  The rule, however, only applies to the extent that it does not conflict with the habeas rules.  Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002), overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004).  Generally, with summary judgment the court resolves any doubts and draws any inferences in favor of the nonmoving party, Hunt v. Cromartie, 119 S. Ct. 1545, 1551-52 (1999) (quoting

Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986)), but 28 U.S.C. § 2254(e)(1) commands that the factual findings of the state court are to be presumed correct.  Thus, 28 U.S.C. § 2254(e)(1) overrides the general summary judgment rule regarding favorability towards the non-movant.  Smith, 311 F.3d at 668.  The petitioner is required to rebut the presumption of correctness by clear and convincing evidence; otherwise, the court will presume the factual determination of the state court is correct.  Id.; 28 U.S.C. § 2254(e)(1).

### III.  Analysis

#### A.  Voluntariness of Becerril's Guilty Plea

Becerril alleges that his guilty plea was neither knowing nor voluntary because of trial counsel's ineffectiveness.  A guilty plea is valid if it is done knowingly, voluntarily, and intelligently, "'with sufficient awareness of the relevant circumstances and likely consequences.'"  Bradshaw v. Stumpf, 125 S. Ct. 2398, 2405 (2005) (quoting Brady v. United States, 90 S. Ct. 1463, 1469 (1970)).  "On federal habeas review, it suffices if a defendant is informed of the maximum term of imprisonment.  'As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'"  Hobbs v. Blackburn, 752 F.2d 1079, 1082 (5th Cir. 1985) (quoting Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981)).  If a defendant understands the nature of the charges and the

-7-

consequences of pleading and chooses to plead anyway, the plea should be upheld on federal review. Diaz v. Martin, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

The test for determining the validity of a defendant's guilty plea is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 106 S. Ct. 366, 369 (1985)(quoting North Carolina v. Alford, 91 S. Ct. 160, 164 (1970)).  When a defendant is represented by counsel during the plea process and asserts that the plea's involuntariness is related to ineffective assistance of counsel the court applies the two-part test announced in Strickland v. Washington, 104 S. Ct. 2052 (1984). Hill, 106 S. Ct. at 370. The petitioner must first show that counsel's performance was deficient. Id.; Strickland, 104 S. Ct. at 2064. In the context of a guilty plea this means counsel's advice must not be "within the range of competence demanded by attorneys in criminal cases." McMann v. Richardson, 90 S. Ct. 1441, 1449 (1970); Hill, 106 S. Ct. at 370 ("[T]he first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson . . . ."). The petitioner next must show that counsel's deficient performance prejudiced the petitioner. Hill, 106 S. Ct. at 370; Strickland, 104 S. Ct. at 2064. This means that the defendant has the affirmative task of showing that but for his counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial. <u>Hill</u>, 106 S. Ct. at 370. If the petitioner makes an insufficient showing of one prong, the court need not address the other. <u>Murray v. Maggio</u>, 736 F.2d 279, 282 (5th Cir. 1984).

Becerril asserts that his guilty plea was involuntary because it was made on the erroneous advice of his counsel.[12] Becerril claims that trial counsel advised him to accept the plea agreement and that counsel stated he could "take ten [years] today or the court would give [him] life on the probation violation."[13] This statement, according to Becerril, placed him in fear and rendered his plea involuntary.[14] Becerril's trial counsel denied these facts in his written affidavit.[15] The state court weighed Becerril's allegations against his counsel's affidavit and found counsel's affidavit to be credible.[16]

In Becerril's state habeas case the trial court found that Becerril entered his guilty plea both voluntarily and knowingly.[17] The Texas Court of Criminal Appeals adopted the trial court's

---

[12] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, unnumbered pp. 7, 15-26.

[13] <u>Id.</u>, unnumbered p. 17.

[14] <u>Id.</u>

[15] <u>Ex parte Becerril</u>, Appl. No. WR-64,037-03, Affidavit of James M. Brooks, Docket Entry No. 8, pp. 45-48.

[16] <u>Ex parte Becerril</u>, Appl. No. WR-64,037-03, Docket Entry No. 8, p. 51.

[17] <u>Id.</u>

findings when it denied relief.[18]  A federal habeas court is "bound by the state habeas court's factual findings, both implicit and explicit."  Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004). Under the AEDPA a factual determination made by a state court is "presumed to be correct," and the petitioner must show clear and convincing evidence in order to rebut this presumption.  28 U.S.C. § 2254(e)(1).

The record adequately supports the state court's findings.  In his affidavit Becerril's counsel states that he informed Becerril of his options and the possible consequences should Becerril not accept the plea and that Becerril indicated no problem understanding the circumstances surrounding the plea or other issues in his cases.[19]  Moreover, Becerril's counsel states that Becerril entered his plea voluntarily and freely and was fully informed of the rights he was waiving.[20]  Becerril signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," "Admonishments," and "Statement and Waivers of Defendant."[21]  Becerril initialed the punishment section of the "Admonishments" form, which clearly and fully informed Becerril of

---

[18] Id. at cover.

[19] Id., Affidavit of James M. Brooks, Docket Entry No. 8, pp. 46-47.

[20] Id.

[21] Ex parte Becerril, Appl. No. WR-64,037-03, Docket Entry No. 8, pp. 66-72.

the possible consequences of a kidnapping conviction.[22] Becerril then chose to plead guilty to the kidnapping offense, as evidenced by his signature.[23]

Furthermore, Becerril initialed other statements indicating that he was satisfied with his attorney, he had consulted with his attorney, and his plea was free, knowing, and voluntary.[24] Such statements of voluntariness in open court "carr[y] a strong presumption of verity." Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994) (citing Blackhedge v. Allison, 97 S. Ct. 1621, 1629 (1977)). A petitioner bears a heavy burden when he later seeks to prove these statements were not freely and voluntarily made. Id. Becerril has not met this burden.

Although Becerril may have felt pressured to plead guilty because he faced a higher punishment, a guilty plea is not considered invalid solely because the decision to plead guilty was "motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." Brady v. United States, 90 S. Ct. 1463, 1470 (1970). Because the state court's findings are supported by the record and Becerril has

---

[22] Id. at pp. 68-70.

[23] Id. at pp. 66-67.

[24] Id. at pp. 66-72.

failed to provide clear and convincing evidence to rebut their presumed correctness, the court concludes that Becerril's plea was knowing and voluntary.

**B.    Ineffective Assistance of Counsel**

Becerril asserts that he received ineffective assistance from counsel because his counsel (1) failed to investigate or file any pretrial motions, (2) urged Becerril to sign a jury waiver without ensuring that he understood his waived rights or the consequences of his waiver, (3) deprived Becerril of a meaningful opportunity to withdraw his involuntary waiver, (4) deprived Becerril of the opportunity to withdraw his involuntary plea after the trial judge rejected the plea agreement, and (5) never objected to the trial court's accepting his guilty plea in part.[25]  The court concludes these claims are without merit.

Because Becerril's guilty plea was voluntarily and knowingly entered, he has waived all nonjurisdictional defects in the proceedings other than as the alleged ineffectiveness bears upon the voluntariness of the guilty plea.  Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).  Thus, by pleading guilty Becerril waived his first claim of relief.  See United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991) (quoting Tollet v. Henderson, 93 S. Ct. 1602, 1608 (1973) ("'When a criminal defendant has solemnly

---

[25]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, unnumbered pp. 1-27.

admitted in open court that he is in fact guilty of the offense . . . he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'").

The Constitution guarantees a criminal defendant effective assistance of counsel. U.S. CONST. amend. VI. A petitioner asserting an ineffective assistance of counsel claim must satisfy the standard set forth in Strickland. As previously stated, a criminal defendant must show that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defendant's case. Strickland, 104 S. Ct. at 2064. Both prongs must be met in order for a petitioner to be entitled to habeas relief. Id.

With regard to the first prong, performance is deficient if it falls below an objective standard of reasonableness. Id. In making this determination judicial scrutiny of counsel's performance is to be highly deferential, id. at 2065, with the court strongly presuming that counsel rendered adequate assistance and that the challenged conduct is a product of reasoned trial strategy. West v. Johnson, 92 F.3d 1385, 1400 (5th Cir. 1996) (quoting Wilkerson v. Collins, 950 F.2d 1054, 1065 (5th Cir. 1992)). A defendant must identify the acts or omissions of counsel that are alleged not to be the result of reasonable professional judgment. Strickland, 104 S. Ct. at 2066. The court must then

determine whether the identified acts were outside the wide spectrum of professionally reasonable assistance. Id. A mere error by counsel, even if professionally unreasonable, does not warrant setting aside the state court judgment if the error did not affect the judgment. Id.

Regarding the second prong, the appropriate test for determining actual prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068. In making this determination the focus is on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993) (citing Strickland, 104 S. Ct. at 2064).

Becerril asserts the same ineffective assistance of counsel claims in his federal writ as in his state writ. Because the Texas Court of Criminal Appeals denied Becerril's state writ, the state court adjudicated the claims on their merits. See Singleton v. Johnson, 178 F.3d 381, 384 (1999); Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim . . . ."). Therefore, in order for this court to grant habeas relief it must determine that the state court's denial of relief was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.

28 U.S.C. § 2254(d)(1). The relevant issue before this court is "whether the state court's decision - that [Becerril] did not make the Strickland-showing – was contrary to, or an unreasonable application of, the standards, provided by clearly established federal law (Strickland), for succeeding on his [ineffective assistance of counsel] claim." Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) (emphasis omitted).

Becerril asserts that his counsel was ineffective in urging him to sign a jury waiver without ensuring that Becerril understood the rights he was waiving or the consequences thereof.[26] Becerril's counsel stated in his affidavit that he thoroughly discussed the plea bargain with Becerril on October 7, 2004, when Becerril was completely lucid.[27] Counsel went over the plea with Becerril and observed no indications that Becerril had difficulty understanding the plea or the issues surrounding Becerril's cases.[28] Given Strickland's strong presumption that counsel rendered adequate assistance and that counsel's actions fall within a wide range of reasonable professional assistance, this court is unable to conclude that the state court's decision was an unreasonable application of the first prong of the Strickland test. Because

---

[26] Id., unnumbered pp. 7, 15.

[27] Ex parte Becerril, Appl. No. WR-64,037-03, Affidavit of James M. Brooks, Docket Entry No. 8, pp. 46-47.

[28] Id.

-15-

Becerril has not shown an unreasonable application of the first prong, the court need not address whether the state court's decision was an unreasonable application of the second prong of the test. Murray, 736 F.2d at 282 ("A claim may be disposed of for either reasonable performance of counsel or lack of prejudice, without addressing the other [prong].").

Becerril also claims ineffective assistance of trial counsel because counsel deprived him of the opportunity to withdraw his "involuntary" waiver and plea when the trial judge denied his plea agreement.[29] The trial judge, however, did not deny Becerril's plea agreement; he accepted it.[30] The judge rejected Becerril's plea agreement on the motion to adjudicate guilt in cause number 759952, but that is not the conviction to which Becerril's pending federal habeas petition pertains.[31] Because the trial court accepted the plea agreement relating to the kidnapping offense, Becerril's attorney had no reason to file a motion to withdraw Becerril's waiver or plea, especially without instruction from Becerril to do so. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) (citing Murray, 736 at 283) ("This Court has made clear that counsel is not required to make futile motions or objections.").

---

[29] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, unnumbered pp. 7, 15.

[30] Ex parte Becerril, Appl. No. WR-64,037-03, Docket Entry No. 8, p. 75.

[31] Ex parte Becerril, Appl. No. WR-64,037-04, Docket Entry No. 8, pp. 121-22.

Moreover, counsel's affidavit states that the trial judge informed Becerril that he could withdraw his plea in either cause and that trial counsel could file a motion for new trial.[32] Becerril or his family never contacted counsel about filing a motion for new trial.[33] The state court concluded that Becerril made the decision not to withdraw his plea.[34] Given the strong presumption that counsel acted within the wide range of reasonable professional assistance standards and the support on the record that Becerril did not request that his plea or waiver be withdrawn, this court concludes that the state court's application of Strickland was not contrary to or an unreasonable application of federal law.

Finally, Becerril argues that his counsel was ineffective for failing to object to the trial court's accepting his guilty plea in part.[35] The state courts rejected this claim, and the court concludes that the state courts' decision did not involve an unreasonable application of the Strickland standard.

Because the court is unable to conclude, with respect to any of Becerril's ineffective assistance of counsel claims, that the

---

[32] Ex parte Becerril, Appl. No. WR 64,037-03, Affidavit of James M. Brooks, Docket Entry No. 8, pp. 46-47.

[33] Id.

[34] Ex parte Becerril, Appl. No. WR-64,037-03, Docket Entry No. 8, p. 51.

[35] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, unnumbered pp. 7, 15.

state court's decision to deny Becerril relief is contrary to or an unreasonable application of a clearly established federal law (<u>Strickland</u>), the court will not grant habeas relief.

### IV. <u>Conclusion and Order</u>

The court **ORDERS** the following:

1. Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

2. Becerril's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 11th day of June, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE